## NEIDENBERGER vs. CAMPBELL, McNIFF & BARNES.

1. Where there are several counts in a declaration, and one is substantially defective, such defect is not cured by a judgment by default. The statute of jeofails does not reach judgments by default.

2. Where judgment by default is rendered on such a defective declaration, it is competent for the court to amend the declaration after judgment, but such amendment should not be permitted without giving defendant leave, on application, to plead.

3. Where, on such a declaration in ejectment, judgment by default has been rendered against the defendant, a tenant, and the landlord has had no notice of the suit, an amendment should not be permitted without giving the landlord leave to plead.

## ERROR from St. Louis Court of Common Pleas.

### *Statement of the Case.*

The plaintiffs commenced their action in the St. Louis Court of Common Pleas in ejectment. The first count of the declaration alleged that Sarah J. Campbell, Peter McNiff and John Barnes were entitled to the possession of the premises sued for, while the *second count* alleged that Sarah Jane Campbell alone was entitled to the possession of one undivided half part of the said premises sued for in the first count. Upon this declaration, a judgment by default was taken, on the 9th day of November, 1847, and damages assessed at one cent, without the intervention of a jury, and judgment given for the recovery of the possession of the whole property.

Upon the 20th November, the defendant appeared, and filed his motion in arrest of judgment and to set aside default and assessment of damages, because the damages were assessed without the intervention of a jury and without notice given to the defendant in any manner or way, the assessment having been made immediately upon the judgment by default.

Upon the same day, Audille Lux and Edward Lux, landlords of the defendant, filed their motion to set aside default and to be admitted to be made co-defendants and to plead to the merits, upon reasons above stated, that the declaration was insufficient and illegal, that the judgment was illegal and void, and upon an affidavit of said Audille Lux alleging that she had a dower interest in said premises, her husband, John Lux, deceased, having held the same in fee, and that Edward Lux, a minor son of said John, was the only heir. That the defendant failed to notify either the said Audille or the said Edward of the pendency of the suit, as by law he was required to do; that they had a good defence upon the merits, as informed by counsel, and praying to be allowed to defend the suit, which they would have done, had they known of its pendency.

The defendant also filed his motion to set aside the judgment, as irregular and void.

The affidavit of Audille Lux stated that the plaintiff had taken judgment for the possession of the whole premises, while the defendant occupied only a small part of the same.

To the affidavit of Audille Lux, there was a counter affidavit of one of the counsel for plaintiffs, stating that the judgment had been executed and the plaintiffs put in possession of the premises occupied by the defendant, by the sheriff, and that the defendant had attorned to the plaintiffs and agreed to pay rent.

All the motions were overruled by the court, and exceptions taken, and the case brought to this Court by writ of error.

At the February term, 1848, after this writ of error was sued out, the plaintiffs, Campbell, Mc-Niff & Barnes, filed a motion in the Court of Common Pleas to amend the record by striking out the second count in the declaration, which motion was sustained, and the transcript of the record of the proceedings in said motion was, by consent, made a part of the record in this Court.

PRIMM & WHITTELSEY, *for Plaintiff in error, insist:*

1. That the judgmet was irregular, erroneous and void, and should therefore have been set aside upon motion, and the irregularity is not waived by the issuing and executing the writ of *hab. fac. poss.* That the irregularity can be taken advantage of at any time, and that the judgment, if erroneous upon its face, will be set aside at any time within five years upon writ of error.

2. That the judgment was manifestly erroneous and void, as the first count stated a joint right to the possession in all three of plaintiffs, and the second count stated a sole right in Sarah J. Campbell alone to the possession. Now, upon which of these counts could a court give judgment while both remain upon the record? Manifestly, upon neither. The whole declaration was bad, and radically so. And the judgment being defective, the court should have set the default aside and allowed the defendant to plead. See vs. Bobst, 8 Mo. R., 506.

3. The Court below erred in assessing damages without the intervention of a jury, and in giving judgment for the possession of the whole premises without having a jury to determine of what part of the premises sued for the defendant was in possession, and for these reasons the judgment and assessment of damages should have been set aside.

4. The court below erred in refusing to set aside the judgment by default and assessment of damages, and to admit Audille Lux and Edward Lux to defend as landlords, for the reasons stated in the affidavits of Audille Lux, and because the judgment was irregular.

The irregularity of the judgment was a good reason for setting it aside and allowing the landlords, who had no notice of the suit and who swore to a good defence upon the merits, to come in and defend. See DePeyster vs. Warne, 2 Caine's Rep., 45 ; Jackson vs. Styles, 4 J. R., 493 ; Wood vs. Wood, 9 J. R., 257 ; Saltonstall vs. White, 1st John. Ca., 221 ; Jackson vs. Styles, 1 Caine's Rep., 550; Davenport vs. Ferris, 6 John. R., 131.

5. But there was a still better reason in this case, as the heir-at-law of John Lux, the person formerly in possession and claiming title, and the landlord of the party dispossessed, was an infant, who had no notice of the suit, and could not therefore defend. The want of notice to the landlord was therefore sufficient reason for setting aside the default and allowing the landlord to plead to and defend the action; and the court having refused to do this, committed error, and its judgment should be reversed. It has been the usual course in the courts of England and New York, with their strict practice, to set aside judgments by default, and allow the landlord to come in and defend when the tenant neglects so to do. Doe vs. Roe, 4 Burr, 1996; Doe vs. Roe, 2 C. & J., 682; Doe vs. Roe, 11 Price, 507.

After writ of error brought, and transcript filed, the plaintiff below has procured the record to be amended, to which the defendant below objected and excepted. The plaintiff below had erroneously taken a judgment by default, and there being error in the record, the defendant had a right to take advantage of it, in order to procure a trial on the merits, and this he cannot be deprived of by the amendment. It is error in the Circuit Court to permit amendments, except upon terms not prejudicial to the rights of the parties. See vs. Bobst, 9 Mo. R., 28.

The court should not have allowed the amendment, and if it did, it should have done so upon terms, by allowing the defendant to come in and make defence upon the merits.

HAIGHT, *for Defendant in error.*

The error complained of in this case is cured by the statute, R. C. 1845, p. 831, sec. 7 of art. VII, of Practice at Law.

The defect has been amended in the Common Pleas, and is amendable in this Court. The amendment may be made by amending the transcript. Graham's Prac., 641-2, and cases cited.

Rev. Stat. 1845, p. 827, provides that amendment may be made in court where cause is tried, or in that where it is removed by writ of error.

NAPTON, J., *delivered the opinion of the Court.*

The principal question in this case is, whether the judgment by default was an erroneous one. The declaration contained two counts; in the first of which the plaintiffs alleged themselves to be entitled to the possession of the lot described; and in the second, that Sarah Jane Campbell, one of the plaintiffs, was entitled to an equal undivided half of said lot. The second count is defective. When taken in connection with the commencement of the declaration, as it must be to make it complete, it amounts to a statement, that the plaintiffs, Campbell, McNiff & Barnes, complain of the defendant, because one of them, Campbell, has a cause of action against him. It requires no investigation into the details of pleading, to arrive at the conclusion that such a complaint is not tolerated by its principles, or sanctioned by authorities. The count is contradictory on its face. Campbell, McNiff & Barnes, can have no right to complain of the defendant, Neidenberger, because Campbell has sustained a wrong, unless McNiff & Barnes are in some way connected in interest with the injured party, and this connection must of course appear in the complaint. The count being defective, and so materially, that a general demurrer would have been sustained, how has the defect been remedied by the subsequent proceedings?

There was a judgment by default, and a general judgment in favor of all the plaintiffs, for the recovery of the possession of the entire premises. The statute of jeofails does not reach the case. That statute, as it now stands in the Revision of 1845, (p. 827,) does not embrace judgments by default. Judgments of this character were properly omitted at the last revision by the Legislature, although the act concerning Practice, as it was in 1835, had inadvertently included them. (Rev. of 1835, p. 468.) Nor does the seventh section of the seventh article of the Practice Act apply. That section provides, that where there are several counts in a declaration, and entire damages are given, the verdict shall be good, notwithstanding one or more of such counts shall be defective. This section was doubtless designed to meet a principle settled by the English courts, that, where one count in a declaration was bad, and after a judgment by default, there was an inquiry of damages, and the

damages were assessed generally on the whole declaration, such judgment must be reversed. 1 Chitty Pl. 188; 1 Moore, 126. In the present case, there has been no inquiry of damages. Nominal damages were assessed by the court. The provision evidently applies only to verdicts.

The declaration then was bad on general demurrer, or in arrest of judgment, or upon error, unless the amendment permitted by the Court of Common Pleas has remedied the defect. That an amendment would have been proper under ordinary circumstances, may be conceded; but the court refused to permit the judgment by default to be set aside, either at the instance of the defendant, who was a mere tenant, or of the landlord, who desired to defend the action and had not been notified of its pendency, prior to the judgment by default. Amendments are to be allowed for the furtherance of justice. Where one party has taken a false step and seeks to retrace it, he should not be allowed to do so, unless his adversary, who has been guilty of a similar laches, be allowed the same privilege. Leaving out of consideration the application on the part of Audille Lux and Edward Lux, who were the landlords, one of whom was a widow and the other a minor heir, we think the amendment allowed by the court should not have been permitted, unless the defendant had also been allowed to set aside the judgment by default, and have the case tried on its merits. Both parties were in default, and if either required the assistance of the court to enable him to stand *rectus in curia*, that assistance should not have been extended to the one, without also being given to the other, whose application was also before the court, and was in due time, and accompanied with the necessary affidavits. This principle was fully recognized by this court in the case of See vs. Bohst, (8 Mo. Rep. 506,) and certainly loses none of its force when applied to the circumstances of the present case. It was the duty of the tenant to have given notice to his landlord of the suit in ejectment, ( R. C. p. 687,) and this notice, it seems from the affidavits filed, was not given. Every equitable consideration, therefore, which the tenant might claim to induce a hearing of the case upon its merits, notwithstanding the default, applies with stronger force to the application of the landlord.

But, it is said, that as the writ of *habere facias possessionem* was served on the tenant, and he, to avoid an ouster, attorned to the plaintiffs, this attornment must be considered as a waiver of error on his part. Were this so, it certainly would not be a waiver on the part of the landlord. But the writ of *hab. fac. poss.* was served during the term at which the judgment was rendered. This is probably the practice in St. Louis

county, and may be a proper one in that county, where the terms of the courts continue for several months together. But the duty of the courts to alter, amend, set aside or annul a judgment, cannot be changed or affected by such a practice. A judgment is within the breast of the court, as law writers have expressed it, during the term. Hence in the county circuits it has not been the practice to permit executions to go out during the term at which the judgment was rendered. The necessity of a different practice in St. Louis, should not be allowed to create technical obstacles to interfere with this power, which the courts every where possess over their own judgments.

Believing, therefore, that the judgment in this case was an erroneous one, and that the amendment designed to cure the errors should not, under the circumstances, have been permitted, we shall reverse the judgment, and remand the case for trial.

The other Judges concurring, judgment reversed and cause remanded.