ROPER, Defendant in Error, *vs.* CLAY, Plaintiff in Error.

1. It is no defence to an action for a breach of promise of marriage, that the plaintiff had previously contracted to marry another person.

2. The plaintiff, in her petition, averred, that at the special instance and request of defendant, she had promised to marry him, (without averring that defendant had promised to marry her,) and that defendant, not regarding his said promise, &c., but contriving to injure and deceive the plaintiff, had married another person. *Held* sufficient after verdict, although it would have been bad on demurrer.

3. Where the first count in a declaration is for breach of promise and the second for seduction, the second may be disregarded. But a judgment will not be reversed because evidence was admitted in support of the second count, for the reason that such evidence was admissible under the first count, in aggravation of damages.

### *Error to Wright Circuit Court.*

*McBride & Edwards,* for plaintiff in error.

1. The petition does not show that the defendant promised to marry the plaintiff. The promise must be mutual. 6 Bacon's Ab. (Bouvier's ed.) 461. 2 Chitty's Pl. 322 & notes. 2. An action for seduction cannot be maintained in the name of the party seduced, but only in the name of some one standing in the relation of master or parent. 3. The evidence offered to prove that, at the time of the alleged promise by the defendant, the plaintiff was engaged to be married to a third person, should have been admitted. If such was the case, the defendant's promise was null and void, and the plaintiff has no right to complain of a breach of it. It was also proper, in mitigation of damages.

*F. P. Wright,* for defendant in error. 1. The petition is substantially good, and is sufficient after verdict. 11 Serg. & Raw. 270. Kirby, 270. 4 Mass. Rep. 263. 4 J. J. Marsh. 20. 9 Mass. Rep. 189. 2. The plaintiff had the right to allege and prove the seduction, in aggravation of damages. *Spencer* v. *Green,* 3 Mo. Rep. 225. 3. Evidence of a prior engagement by plaintiff was properly excluded. No

such defence was set up in the answer, and if it had been, it would not help the defendant. If he was instrumental in breaking off that engagement, it is rather an aggravation of his guilt.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff, Roper, filed her petition in the Wright Circuit Court, in March, 1852, against the defendant, Clay. The petition contained three counts, setting forth three causes of action against the defendant; the first count was for a breach of promise of marriage; the second was for seduction and getting the plaintiff with child; the third was for mal-practice as a physician, whereby the plaintiff's health was greatly impaired, &c. The defendant filed his answer denying the matters charged in the plaintiff's petition. He denied that he ever promised to marry the plaintiff; denied that he ever seduced the plaintiff, or that he ever had carnal knowledge of the plaintiff; denied any mal-practice by him as a physician upon said plaintiff, and denied all the material charges contained in plaintiff's petition. At the May term of the court, in the year 1853, the cause was tried, and the jury found the issues upon the counts for breach of marriage and seduction for the plaintiff, and the issue upon the count for mal-practice for the defendant, and assessed the plaintiff's damages at one thousand dollars.

The defendant moved for a new trial, which being overruled, he excepted. He also filed his motion in arrest of judgment, which was overruled, and defendant excepted and filed his bill of exceptions, and brings the case here by writ of error.

1. The questions necessary for the consideration of this court arise, principally, upon the motion in arrest of judgment. The plaintiff in error, however, complains of the ruling of the court, in refusing to permit him to prove that, at the time spoken of by the witnesses, of the promise to marry between plaintiff below and the defendant, she, the plaintiff be-

low, was engaged to marry a third person. The plaintiff in error contends, that if such contract to marry a third person did exist, the subsequent contract with him was null and void, and the plaintiff below had no right to complain of a breach thereof; and at least that such evidence should have gone to the jury in mitigation of damages. He also contends, that the evidence given did not warrant the jury in finding their verdict. I have mentioned these points to let the plaintiff in error see that they did not escape our consideration. There is nothing in them requiring the interference of this court. The existence of a promise on the part of the plaintiff below to marry a third person, cannot avail the plaintiff in error. He was in no manner affected thereby. His intervention though, at such a time, and promise to marry, and his subsequent conduct, as found by the jury, surely ought not, in the minds of any intelligent jurors, to have the effect of mitigating the damages sustained by his victim.

As to the evidence not being sufficient to warrant the verdict of the jury, this was a matter for their consideration. There was evidence tending to support the charges in the petition of the plaintiff, at least the charges in the first and second counts, and the jury having found their verdict for the plaintiff below, this court will not disturb it on the ground of sufficiency or insufficiency of evidence.

2. Upon the motion to arrest the judgment below, a much more important question arises, which will now be investigated. The first count in the plaintiff's petition alleges the breach of the promise to marry. The second count charges the seduction of the plaintiff and her impregnation by the defendant. The second count contains no cause of action to the plaintiff; she cannot allege her seduction and her impregnation against her seducer, as a cause of action, in her own name. This count, therefore, is wholly insufficient in itself to support a judgment after verdict.

The first count attempts to set forth the promise to marry and the breach of the promise. This count is very defective;

it is drawn with too much haste, and with too little attention to the rules of pleading. A demurrer would have been sustained to it had one been filed; but as there was an answer put in to this count, denying the charges made therein, and a verdict upon the issue made on it by the jury in favor of plaintiff, it becomes important to see if the judgment can be maintained by the effect which the verdict in this case must have.

This count is in these words: "The plaintiff states that, on the first day of December, in the year of our Lord, eighteen hundred and fifty, at the county of Wright aforesaid, in consideration that the said plaintiff, being then and there sole and unmarried, at the special instance and request of the said defendant, had then and there undertaken, and faithfully promised the said defendant to marry him, the said defendant, on the first day of January, A. D. 1851; and on the said first day of January, A. D. 1851, the said defendant *postponed the time* of the marriage ceremony until the last of said month of January, A. D. 1851, to-wit, on the 22d day of January, 1851; at that time, the said *plaintiff*, under some pretext, postponed the performance of the marriage ceremony from time to time, until some time in next April following, to-wit, on the 24th day of April, A. D. 1851, and when the time came, the said defendant refused to marry the said plaintiff at that time; and afterwards, the said defendant, not regarding his said promise and undertaking, but contriving and intending to deceive and injure the said plaintiff in this behalf, after the making of his said promise and undertaking, to-wit, at the several times aforesaid, at the county aforesaid, wrongfully and injuriously married a certain other person, to-wit, one Martha Bowlin, contrary to his said last mentioned promise and undertaking so by him made as aforesaid, by which the said plaintiff has sustained damage to the amount of two thousand dollars, for which she asks judgment."

The pleader has failed to aver a promise by the defendant to marry, in consideration of the plaintiff's promise; he states, that "the plaintiff promised to marry the defendant at the

special instance and request of the defendant." Upon the subject of marriage, such a promise, thus made, would, necessarily, be mutual. The pleader afterwards avers, "that the defendant, not regarding his said *promise* and *undertaking*." Here was a mere omission to insert the averment of the defendant's promise. From the count, as made, it cannot but appear, that the plaintiff had a cause of action, but this cause of action was defectively set forth. Now will the verdict cure this defect? Defects in pleading are sometimes aided by what is called, "*intendment after verdict.*"

The general principle upon which this doctrine depends, appears to be, that where there is any defect, imperfection or omission in any pleading, whether in *substance* or *form*, which would have been a fatal objection upon demurrer, yet, if the issue joined be such as necessarily required proof on the trial of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict. 1 Chitty's Pleadings, 712. 1 Saund. Rep. 228, note 1, and authorities therein cited.

In the case of *Holland and Daniel*, 4 J. J. Marshall, 20, Chief Justice Robinson, in delivering the opinion of the court, uses this language : "It is a rule of pleading, established by the common law, because it is a dictate of common sense, that after verdict, it will be intended that every thing was proved, without proving which, there could not have been a verdict for the party : provided, the declaration contain a general allegation of a cause of action, defective only in some circumstance or fact, which *may be* embraced by it, and *inferred from it.*" In the same opinion the judge says, the " omission to aver possession in a declaration for trespass by the owner, would be cured by verdict."

" If the plaintiff shows a good title, however defectively he may have set it out, the verdict cures it. There might be vices in the declaration, fatal defects on special demurrer, but

there is a healing virtue in a verdict, which cures every thing but mortal diseases—all but radical, constitutional defects." 11 Serg. & Raw. 30.

. "A declaration in an action upon an award, which alleged no promise of the parties to perform the award, was held good after verdict." 9 Mass. 189. See also 4 Mass. 265. Upon motion in arrest of judgmont, for the fault of the declaration laying the promise on a day which was yet to come, the court observed, that "there should have been a special demurrer; that it was well enough after verdict, which could not have been found for the plaintiff but on evidence of a promise made before the action, and a duty before the promise."

The plaintiff below showed that she had a good cause of action against the defendant, in the manner she set it forth in the first count of her petition; it was defectively set forth— informally set forth; yet the defendant could not but see and know what she alleged against him; he was fully apprised that the promise of marriage theretofore made to her by him, and the breach of that promise, was the foundation and gist of the plaintiff's action. He denies this alleged promise. He also moves the court below, as it appears from the record, to exclude from the jury the evidence of this promise offered by the plaintiff. There was proof of the promise, and the intendment of the law that there must have been such proof, before the jury would have found their verdict, is supported, in this case, by the record itself, that there was such proof in reality before them. In the opinion of this court, then, the first count in the plaintiff's petition is sufficient, after verdict, to support the judgment.

3. Under our present practice act, the plaintiff is permitted to join as many different causes of action in her petition as she may have against the defendant. The count, then, for the breach of the marriage contract, is not affected by the count for seduction. The count for seduction may be disregarded altogether—stricken out from the case. But the plaintiff in error says, that evidence was offered to the jury in support of this

second count, the count for seduction, and that such evidence increased the amount of damages, for which the verdict was rendered in this case, and consequently the judgment should have been arrested; but such is not the opinion of this court. The first count being good after verdict, will support this judgment, and the plaintiff in error has no cause of complaint; for the evidence given under the second count could very properly have been admitted on the first count. All the evidence, therefore, given in the case below on both counts, could have been given on the first count; (see *Green* v. *Spencer*, 3 Mo. Rep. 319, side page,) and consequently there has. been no injury done to the defendant by the admission of evidence on a count not good in law. Upon the whole of the case, as it appears to the court by the record of the court below, it is the opinion, that the judgment of the court below be affirmed. Judge Scott concurring herein — Judge Gamble not sitting, by reason of indisposition.