FRANCIS SAUER *vs.* CAROLINE SCHULENBERG.

## Appeal—Breach of Promise of Marriage.

An appeal will not lie from the judgment of the Supreme Bench of Baltimore city, overruling a motion for a new trial.

In an action to recover damages for the breach of a promise of marriage, evidence was offered of the promise and of the breach, and also of a subsequent seduction of the plaintiff by the defendant; and there was evidence tending to show that the seduction was accomplished by means of the promise of marriage. HELD:

That the jury were warranted, in estimating the damages, to consider the fact of seduction.

APPEAL from the Superior Court of Baltimore City.

This was an action for the breach of a promise of marriage, brought by the appellee against the appellant.

*Exception:* At the instance of the plaintiff the Court instructed the jury that the damages to be given in this action rests in their sound discretion under all the circumstances of the case. The defendant offered two prayers, the first of which was granted; the second, as follows, was rejected, the Court thinking the subject properly covered by the instruction given at the instance of the plaintiff: That evidence of the carnal connection of Sauer with Schulenberg, cannot be considered by the jury in estimating the amount of damages, if they shall find for the plaintiff. The defendant excepted to the rejection of his second prayer and to the instruction given at the instance of the plaintiff. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J.

*T. R. Presttman* and *J. Randolph Quinn,* for the appellant.

*Philip C. Freise,* for the appellee.

MILLER, J., delivered the opinion of the Court.

This case was tried in the Superior Court and resulted in a verdict for the plaintiff. A motion for a new trial was made by the defendant, which was heard and determined in the Supreme Bench under the provisions of Art. 4, sec. 33 of the Constitution. The motion was overruled, and judgment upon the verdict was then rendered by the Superior Court, and from that judgment this appeal is taken. The appellant's counsel, in their brief, have argued that the action of the Supreme Bench on this motion is a subject of appeal and review by this Court. This position, however, cannot be sustained, for, whilst the Constitution confers jurisdiction upon the Supreme Bench to hear and determine, amongst other matters, all motions for a new trial in cases tried in any of the Courts of Baltimore city, it expressly provides that " the same right of appeal to the Court of Appeals shall be allowed from the determination of the said Court on such matters *as would have been* the right of the parties, if said matters had been decided *by the Court in which said* cases were tried." From this provision, it is very clear there was no design to grant an appeal, or enlarge the right of appeal on motions for a new trial. These motions are merely allowed to be heard and determined by the Supreme Bench instead of the Court which tried the case, the Judge of that Court being himself one of the Judges constituting the Supreme Bench. The character of the question decided is not changed by submitting its decision to another tribunal; and, by the general current of decisions in this State, the granting or refusing of such motions is a matter resting altogether in the discretionary power of the Court, whose action thereon is not reviewable upon appeal or writ of error. We discover nothing in this record to exempt this case from the operation of the general rule, and such would be our decision if an appeal had been taken directly from the judgment of

the Supreme Bench overruling the motion. But this appeal being from the judgment of the Superior Court only, brings up for review simply the rulings of that Court to which exception was taken, and these it is our duty to consider.

The action is to recover damages for breach of a promise of marriage. The declaration alleges the parties agreed to marry one another; that a reasonable time for such marriage has elapsed ; that the plaintiff has always been ready and willing to marry the defendant, yet the defendant has neglected and refused to marry her. The plea is that the defendant never agreed as alleged. At the trial the plaintiff offered evidence of the promise and of the breach, and also offered evidence of a *subsequent seduction* of the plaintiff by the defendant. At the instance of the plaintiff, the Court granted an instruction that the damages to be given in this action rests in the sound discretion of the jury under all the circumstances of the case. The appellant's objection to this instruction is, that it allowed the jury to consider the fact of *seduction* in aggravation of damages under this form of action. As the case is presented by the record, we assume there was evidence tending to show the seduction was accomplished after and by means of the promise of marriage, and the question is, ought the jury to be allowed to take this into consideration in estimating the damages ? The general rule undoubtedly is, that damages in *actions of contract* are to be limited to the consequences of the breach of contract, and that no regard is to be had to the motives which induced the violation of the agreement. That is the clear and logical result of the form of an action *ex contractu,* and the rules of pleading and evidence which govern it. It would also seem that, as the law regards seduction as an act of mutual consent and mutual criminality, for which the woman cannot maintain an action so as to make it a ground of recovery directly, she ought not to be allowed to make it so indirectly, by using it as the basis of damages in an action of this kind, founded upon contract, and decisions of high authority have

so held. The Supreme Court of Pennsylvania so decided in *Weaver vs. Bachert*, 2 *Penn. State Rep.*, 80, where the opinion was delivered by Chief Justice GIBSON; and the Court of Appeals in Kentucky, in *Burks vs. Shain*, 2 *Bibb.*, 341, seem to have reached the same conclusion, though it was noted in that case that the promise, attempted to be proved, was made subsequent to the seduction, and the seduction, therefore, might have been the cause, but could not have been the consequence of that promise. But the decided weight of judicial opinion and authority, at least in this country, is, that this particular action forms an exception to the general rule. The reasoning is, that though nominally an action founded on the breach of an agreement, it presents a striking exception to the general rules which govern contracts; that it is given as an indemnity to the injured party for the loss she has sustained, and has always been held to embrace injury to the feelings, affections and wounded pride, as well as the loss of marriage; that from the nature of the case, it has been found impossible to fix the amount of compensation by any precise rule, and as in *tort*, the measure of damages is a question for the sound discretion of the jury in each particular instance, subject of course to the general restriction, that a verdict influenced by prejudice, passion or corruption will not be allowed to stand. Upon this ground it is held, that where it appears the promise was made by the defendant with a view to seduce the plaintiff, and that the defendant did thereby seduce her, this will be allowed to go to the jury in aggravation. *Sedgwick on Damages*, (3d ed.,) *marginal pages*, 210 *and* 369.

In *Paul vs. Frazier*, 3 *Mass.*, 71, where the question was, whether an action for seduction could be maintained by a woman against her seducer, Chief Justice PARSONS in delivering the opinion of the Court adverse to the maintenance of the action, said: "As the law now stands, damages are recoverable for a breach of promise of marriage, and if seduction has been practiced under color of that promise,

the jury will undoubtedly consider it as an aggravation of the damages. So far, the law has provided, and we do not propose to be wiser than the law." In *Wells vs. Padgett,* 8 *Barb.,* 323, the direct question whether seduction, under a promise of marriage, could be used in aggravation of damages in an action for a breach of that promise, was presented, fully considered and deliberately decided in the affirmative, and the same decision has been quite recently made by the Court of Appeals of New York in *Kniffin vs. McConnell,* 30 *N. Y. Rep.,* 285. The decisions of the Supreme Courts of New Jersey, Illinois, Indiana, Missouri and Tennessee are to the same effect. *Coil vs. Wallace,* 4 *Zabr.,* 291 ; *Zubbs vs. Van Kleek,* 12 *Ill.,* 446 ; *Whalen vs. Layman,* 2 *Blackf.,* 194 ; *Roper vs. Clay,* 18 *Mo.,* 383 ; *Conn vs. Wilson,* 2 *Overton,* 233. The instruction before us accords with these authorities, and we fully assent to the reasoning upon which they proceed, in making this action an exception to the rules which govern ordinary actions upon contract.

There being no error in this instruction, it follows, the proposition contained in the defendant's second prayer was properly rejected, if it be regarded, as it was in argument, as a counter proposition to that which we have considered as embraced in the instruction granted. But " carnal connection," which alone is mentioned in this second prayer of the defendant, is, in legal acceptation, a very different thing from seduction, and as it does not appear there was any evidence of such connection which did not result in or amount to seduction, the rejection of this prayer must, for this reason, also be affirmed.

*Judgment affirmed.*