## CASEY, Appellant, v. GILL.

### Division Two, February 6, 1900.

1. **Promise to Marry:** OTHER ENGAGEMENT: NO EXCEPTION. While it is no defense to an action for breach of promise to marry, that plaintiff had previously contracted to marry another person, yet if the record shows no objection at the trial to the cross-examination of plaintiff on this point, it can not be considered on appeal.

2. ————: FINANCIAL CONDITION. Plaintiff may show the financial condition of defendant in a suit for breach of promise to marry.

3. **Practice:** LEADING QUESTION. An objection to the form of the question as being leading must be made at the trial.

4. ————: REJECTING INSTRUCTIONS. The rejection of all of plaintiff's instructions, however correct they may be, is not error, if the court of its own motion fully and fairly instructs the jury on the whole case.

5. **Promise to Marry:** WEIGHING THE EVIDENCE. It is not the province of the appellate court to weigh the evidence in a suit for a breach of a marriage contract.

6. **Practice:** REMARKS OF COUNSEL. The appellate court will not consider improper remarks by counsel at the trial, unless the opposite counsel either ask the court to instruct the jury to disregard them, or excepts to the failure of the court to rebuke such counsel for traveling outside of the record.

Casey v. Gill.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

Affirmed.

*J. H. Trembley* for appellant.

(1) It is no defense to an action for a breach of promise of marriage that the plaintiff had previously contracted to marry another person, and plaintiff's first, third and fourth errors are, therefore, well assigned. Roper v. Clay, 18 Mo. 383. (2) While it would have been competent for plaintiff to have introduced evidence, in making out her case in chief touching defendant's wealth, yet she did not do so. She made no claim for an extra amount as damages by reason of his wealth. It was, therefore, error for the court to permit defendant to expatiate before the jury on his alleged indebtedness, etc. Even a pauper is subject to the law governing punitive damages for wanton or reckless acts. Mullin v. Spangenberg, 112 Ill. 140. (3) The instructions given by the court, of its own motion, are not a fair substitute for those asked by plaintiff. By the second of said instructions the jury were required to find, before they could bring in a verdict for plaintiff, that plaintiff, before this suit was filed, had requested defendant to marry her and that defendant had refused to marry her at all. It is only where no date for the marriage is fixed by the contract of the parties that a request on the part of plaintiff and a refusal on the part of defendant must be found to entitle plaintiff to recover. Cole v. Holliday, 4 Mo. App. 94. In the case at bar the testimony of plaintiff was that they agreed to be married in May or June, 1895, and that on January 7, 1896, he expressly agreed to marry her within two weeks. (4) The third instruction given for defendant is erroneous. It told the jury in effect that it made no difference what defendant's intentions were while courting plaintiff. No punitive damages could be

recovered provided defendant accomplished his purpose of withdrawing from his engagement in such a way as to "leave no stain upon her reputation and do the least injury to her feelings and future prospects." It belittled plaintiff's case out of court.

*Percy Werner* for respondent.

The vital question of promise or no promise having been decided in favor of the defendant, errors of the court in the admission of testimony, or the giving or refusing of instructions which relate only to the matter of damages, are not prejudicial. Avery v. Railroad, 113 Mo. 561; State v. Wisdom, 119 Mo. 540; Moses v. Kauffman, 131 Mo. 424.

GANTT, P. J.—Action for breach of promise of marriage.

Plaintiff, an unmarried woman, alleges that defendant on or about April 11, 1895, sought her hand in marriage, and they each mutually agreed to marry the other in June or July, 1895, and that thereafter the marriage ceremony was postponed by mutual agreement from time to time, until January, 1896, and on the 16th of January plaintiff requested defendant to fulfill his promise and he refused to do so; that she was at all times ready and willing to marry defendant according to her agreement; that defendant was not sincere in his manifestations of affection for plaintiff, but willfully, wantonly and recklessly pretended an affection for plaintiff and trifled with her affections for mere pastime, wherefore she asked for $10,000 actual damages and $5,000 punitive damages.

The answer was a general denial.

The cause was submitted to a jury, who found for defendant and plaintiff appeals.

Various errors are assigned for a reversal of the judgment, and they will be considered in the order of their assignment.

I.   Complaint is made that the court permitted defendant to cross-examine plaintiff concerning an engagement with another young man, named King.   The ground of objection made in this court is that it is no defense to an action for breach of promise that plaintiff had previously contracted to marry another person.   It was so ruled and we think correctly in Roper v. Clay, 18 Mo. 383.

But an inspection of the record discloses that no such point was raised in the circuit court.   It would manifestly be improper to rule the circuit court erred in admitting this evidence when no such objection was made to it in the circuit court, and that court was not asked to rule upon it when the evidence was offered.   A party can not sit by and permit evidence to be heard without objection when its nature is necessarily disclosed by the question which elicits it, and take the chances of it being favorable and when it is adverse then object to it.   In this case, no such question was raised, and this ruling applies also to the third and fourth assignments.

II.   We can discover no error in permitting defendant to show his actual financial condition.   Plaintiff alleged that he was worth over $10,000, and proved that he was a grocer, a member of the firm of Gill Bros.   When defendant testified in his own behalf he was asked as to his financial condition, and the objection was that it was incompetent, irrelevant and immaterial.   The evidence was competent under the issue tendered by plaintiff herself.

III.  The court's ruling that a question put by plaintiff's counsel to her witness Joseph Van Cloostene was leading, will not be disturbed, as it was obviously correct.   No effort was made by counsel to avoid the objectionable form of his question.

IV.   However correct plaintiff's instructions may have been, no error was committed in refusing them because the court of its own motion fully and fairly instructed the jury

on the whole case, and a careful scrutiny of all the instructions discloses no ground for complaint by either side.

The issue was plain and simple, and the rules of law governing the case are familiar and well understood, and it is unnecessary to encumber the reports with the reproduction of all said instructions.

The plaintiff had a fair and impartial hearing. The jury found against her, and it is not our province to weigh the evidence. Indeed it is not urged that the jury might not well have found for defendant under the evidence.

V. We may add that as to the alleged improper remark by defendant's counsel, plaintiff's counsel neither asked the court to instruct the jury to disregard it nor did he except to the failure of the court to rebuke counsel for traveling outside of the record.

The point has not been saved in such a way as to require a ruling by this court. No reversible error appearing in the record, the judgment is affirmed.

*Sherwood* and *Burgess, JJ.,* concur.