## LA CROSSE LUMBER COMPANY, Defendant in Error, v. CHICAGO & ALTON RAILROAD COMPANY, Plaintiff in Error.

**St. Louis Court of Appeals. Argued and Submitted June 8, 1917. Opinion Filed July 3, 1917.**

1. **PLEADING: Statute of Jeofails: Application to Default Judgment.** It would seem that, by including "judgments for failure to answer," which is a judgment by default, the Statute of Jeofails (section 2119, R. S. 1909) applies to judgments by default; but the court does not deem it necessary to determine that question in this case.

2. **————: Manner of Attacking Petition: Appellate Practice.** A petition which utterly fails to state a cause of action is fatally defective, and this point may be raised for the first time on appeal; but a petition which states a good cause of action, but states it defectively, while subject to demurrer, is not subject to attack by a motion in arrest, or for the first time in the appellate court.

3. **CONTRACTS: Agreement to Pay Order: Consideration: Sufficiency of Petition.** The petition, in an action against a railroad company, alleged that a construction company was engaged in doing certain bridge work for defendant, under a contract; that the construction company purchased from plaintiff certain material, of a stated value, which it used in such construction work; that the statute gave plaintiff a right to a lien, enforceable against defendant's property, for the value of said material; that when plaintiff was about to enforce said claim against defendant by suit, plaintiff was told by defendant that the construction company was under bond to it for the payment of all bills for material used in the work and that it had reserved a part of the contract price for the purpose of paying such bills; that defendant suggested to plaintiff that the latter procure from the construction company an order covering the amount of its claim and forward it to defendant, who would accept it and in due time pay plaintiff the amount of its claim out of said reserved fund; that, acting on said promise of defendant, plaintiff forbore bringing suit or taking legal steps to enforce its lien and claim; and that, in pursuance of said suggestion made by defendant, it procured an order from the construction company and forwarded it to defendant, and that the latter received, accepted and retained said order and notified plaintiff of its acceptance, and thereupon promised to pay plaintiff the amount therein called for. *Held*, that the petition states a cause of action; the allegation that plaintiff fore-

bore to assert its right to enforce its lien claim against defendant, and also the allegation that plaintiff obtained the order, as requested, showing a sufficient consideration.

Error to Louisiana Court of Common Pleas.—*Hon. William T. Ragland*, Judge.

AFFIRMED.

*Harding, Murphy & Harris* and *Scarritt, Scarritt, Jones & Miller* for plaintiff in error.

(1) The petition should be constrained against the pleader. Sexton v. Railroad Co., 98 Mo. App. 50; Malline v. Nemnich, 160 Mo. 388; Price v. Mining Co., 83 Mo. 470. (2) Every fact that must be proven must be alleged. Pier v. Heinrichoffen, 52 Mo. 255; Lanitz v. King, 93 Mo. 513; Sidway v. Live Stock Co., 163 Mo. 342. (3) An assignee stands in the shoes of his assignor. Hipwell v. Surety Co., 105 N. W. (Ia.) 318; Broadwell v. Imms, 70 So. (Ala.) 294. (4) The petition does not state a cause of action, because plaintiff is the assignee of a contractor, and it is not alleged that the contractor had fully performed the contract, or that the fund out of which it is alleged plaintiff was to be paid was in existence at the time the assignment was made, or that it was due and payable at the time suit was filed. Goldengay v. Smith, 62 N. J. Eq. 354; Hazelton v. Imp. Co., 143 Pa. 573; Mayer, etc., Co. v. Realty Co., 149 N. Y. Supp. 1045; Munger v. Shannon, 61 N. Y. 251; Gould v. Lipman, 23 N. Y. Supp. 779; Peoples v. Bank, 159 N. Y. 382. (5) The petition is not cured or aided by default judgment. Neidenberger v. Campbell, 11 Mo. 359; Erhardt v. Pfeiffer, 29 Ind. App. 570; Lawver v. Langhans, 85 Ill. 138; Whipple v. Fuller, 11 Conn. 582.

*Robt. A. May* for defendant in error.

REYNOLDS, P. J.—For cause of action the petition in this case, after averring the incorporation of plaintiff and defendant, states "that in or about the early part

of the year 1913, defendant employed the Farney-Massman Construction Company, a company then engaged in the general construction business, to reconstruct for defendant a certain guide pier, break-water or ice breaker, at the city of Louisiana, Missouri, which forms a part of defendant's railroad, and adjoins its railroad bridge over which defendant's said line of railroad crosses the Mississippi River at said last named city. And that in the reconstruction of said guide pier, break-water, or ice breaker, under its employment by defendant, as aforesaid, said construction company, in the months of June, July, August and September, 1913, purchased of plaintiff, on a running account, certain material by it used, in and about the reconstruction of said guide pier, break-water, or ice breaker, amounting to two hundred forty-one and fifty-five hundredths dollars, an itemized account of which is herewith filed, marked 'Exhibit A' and made a part hereof. That the last item of said account was purchased of plaintiff, as aforesaid, on September 14, 1913, and shortly thereafter, to-wit: October 1, 1913, plaintiff gave defendant due notice of said indebtedness, as required by law. Whereupon, plaintiff was about to enforce its said claim against defendant, by suit or lien, when defendant represented to plaintiff, which plaintiff charges to be true, that said construction company was then under bond to defendant for the faithful performance of its contract with defendant for reconstruction of said guide pier, break-water or ice breaker, and for the payment of all bills for material used therein, and that in addition thereto, defendant, in accordance with said contract, had reserved for such purpose, a percentage of the amount due said construction company for said reconstruction, which percentage reserved by defendant, as aforesaid, then amounted to several thousand dollars-monthly payments being made said construction company for work done the preceding month, on the certificate of the chief engineer of defendant company, said defendant deducting from each monthly estimate a certain percentage, to be held by the company for the purposes aforesaid, and to be paid said construction com-

pany or order within a certain time after the completion of said guide pier, break-water or ice breaker. And defendant then suggested to plaintiff to procure from said construction company an order on defendant, covering the amount of plaintiff's said claim, and to forward such order to defendant, and that defendant would then accept such order and in due time pay the plaintiff the amount of plaintiff's said claim, out of said funds so reserved by defendant, as aforesaid. That acting upon the representations and promises of defendant, as aforesaid, plaintiff did forego the taking of legal steps to enforce its said claim or the filing of a lien therefor against defendant as by law it then had a right to do. And that in pursuance of the suggestion and recommendation of defendant, as aforesaid, plaintiff procured said order from said construction company and in due time, to-wit, on October 31, 1913, forwarded the same to defendant; that defendant thereupon received, accepted and retained said order, and so notified plaintiff of its acceptance thereof, and thereupon promised to pay plaintiff the amount therein called for; and thereby and by reason of the matters herein alleged, plaintiff became the equitable assignee *pro tanto* of the said fund so reserved by defendant, due said construction company, as aforesaid, as equals the amount of plaintiff's said claim; and defendant thereby and by reason of the matters herein alleged became and is indebted to plaintiff for said materials furnished said construction company by plaintiff, as aforesaid, in the sum of two hundred forty-one and fifty-five hundredths dollars, which amount plaintiff has demanded of defendant but which defendant has failed and refused to pay plaintiff.''

Judgment is prayed for $241.55, interest and costs.

Attached to the petition is an itemized account.

Although duly summoned thirty days prior to the beginning of the term of the court to which the cause was returnable, defendant failed to appear or plead and on the second day plaintiff took judgment by default. That judgment recites that defendant made default, whereupon the petition is taken as confessed and, a jury being

waived, the cause is submitted to the court upon the plaintiff's proof, and the court having heard the same finds the facts alleged in the petition to be true and assessed plaintiff's damages at $253.95. Defendant afterwards sued out a writ of error from our court.

Here it assigns as errors, first, that the petition does not state facts sufficient to constitute a cause of action against the defendant; and, second, that for that reason the court erred in entering up judgment against defendant.

It is urged by plaintiff in error that a judgment by default is not within our statute of Jeofails; that even if that is not true, the petition is so fatally defective as not to be aided by that statute.

In an early case, that of Neidenberger v. Campbell et al., 11 Mo. 359, our Supreme Court held that the Statute of Jeofails does not reach a judgment by default. There Judge NAPTON, who delivered the opinion, called attention to the fact that in the revision of 1835, the Legislature had inadvertently included such judgments, referring to Revised Statutes 1835, p. 468. But as amended, and as appearing in the revision of 1845, p. 827, says Judge NAPTON, this was changed and the Statute of Jeofails, as adopted in 1845, does not embrace judgments by default. The statute as is appears at page 827 in the revision of 1845 (section 7, article 6, chapter 136), provides that when a verdict shall have been rendered in any cause, "the judgment thereon shall not be stayed, nor shall the judgment upon such verdict, or any judgment upon confession, *nihil dicit,* or *non sum informatus,* nor any judgment upon a writ of inquiry of damages, executed thereon, be reversed, impaired, or in any way affected by reason of the following imperfections, omissions, defects, matters, or things, or any of them, in the pleadings, process, proceedings, or record, namely," enumerating them. Section 2119, Revised Statutes 1909, is in substantially the same language, except that after the words, "nor any judgment upon confession *nihil dicit,*" the language is, "or upon failure to answer," omitting the words "or *non sum informatus.*" So it would seem that by including a

judgment for failure to answer, which is a judgment by default, our statute, unlike that of 1845, does include a judgment by default. But we need not now determine whether our Statute of Jeofails applies to a judgment by default, as is here present.

If the petition here involved states no cause of action, the statute will not aid the judgment; if a cause of action is stated, but stated imperfectly, the statute saves the judgment.

In Andrews v. Lynch, 27 Mo. 167, it is said, l. c. 169:

"The old rule of the English judges that a verdict would supply whatever of necessity must have been proved to the jury has never been held to extend to cases where the *gist* of the action is omitted. Nor have the various statutes of amendments and jeofails enacted in several of our States and embodying this principle ever been construed to embrace a case where no cause of action is stated (citing cases). Our statute upon this subject contains nothing new or additional to the old rule (citing what are now the eighth and ninth subdivisions of section 2119, Revised Statutes 1909). Indeed, the tenth section of the sixth article of the Practice Act (Revised Code 1855, p. 1232) declares that the objection, that the petition does not state facts sufficient to constitute a cause of action, is not waived by a failure to demur or to suggest the objection in the answer."

This tenth section here referred to is now section 1804, Revised Statutes 1909. See, also, Welch v. Bryan, 28 Mo. 30, and Frazer v. Roberts, 32 Mo. 457.

In Pier et al. v. Heinrichoffen et al., 52 Mo. 333, referring to the improvement made in practice by our Code, the Supreme Court says that the great one consists "in requiring the pleadings to contain a plain and concise statement of the *facts, constituting* a cause of action, or matter of defense. . . . Facts, and not evidence, nor conclusions of law, must be distinctly stated. Every fact, which the plaintiff must prove to maintain his suit, is *constitutive* in the sense of the Code, and must be alleged."

In Marx & Haas Jeans Clothing Co. v. Watson et al., 168 Mo. 133, loc. cit. 143, 67 S. W. 391, 56 L. R. A. 951, 90

Am. St. Rep. 440, it is held that where the petition does not state facts sufficient to constitute a cause of action, such a defect is radically erroneous and incurable even though not raised in the court below.

With a multitude of cases holding that where a petition is fatally defective in that it utterly fails to state a cause of action advantage can be taken of it, even if the point of failure to state a cause of action is raised for the first time in the appellate court, the decisions of our courts are uniform that if the petition states a good cause of action but states it defectively, while subject to demurrer, it is not subject to attack in the motion in arrest or for the first time on appeal. One of the latest decisions to this effect is that of Thomasson v. Mercantile Town Mutual Ins. Co., 217 Mo. 485, at page 497, 116 S. W. 1092, at page 1096, where it is said:

"The petition in this case having shown the location of the personal property to be in the barn when insured and alleged its destruction by fire, every reasonable presumption and intendment should be indulged from the facts alleged, after verdict, and in aid thereof. At most all that can be urged against the petition is that it was a defective statement of a good cause of action and not an entire failure to state a cause of action. It does not follow that, because a petition is defective and subject to a general demurrer, it would be insufficient to sustain a verdict. On the contrary the well-settled rule, both at common law and under our Code, is that if a material matter be not expressly averred in the petition, but the same is necessarily implied by what is stated in the context, the defect is cured after verdict, the doctrine resting on the presumption that plaintiff proved on the trial the facts imperfectly alleged, the existence of which was essential to his recovery. . . . The defendant did not demur to the petition in this case and every presumption will be indulged that the evidence supplied the defective allegation which showed that the grain and hay and farming utensils were in the barn at the time it was burned."

Such is the general rule of interpretation of our Statute of Jeofails, in States where a like statute has been adopted.

La Crosse Lumber Co. v. C. & A. R. R. Co.

In the note to section 442, at page 680, in the third edition of Bliss, Code Pleading, and treating of the Statute of Jeofails, the learned annotator states the rule thus:

"Matters essential to the action must be stated, but mere imperfections in the manner of statement are universally overlooked after verdict. The distinction between defects which are fatal after verdict, and those which are not, arises from an entire omission of statement of facts which are the gist of an action in one case, and an imperfect statement of such facts in the other. When a defendant takes issue upon imperfect pleadings, and thus makes it necessary for a plaintiff to go through trial, he waives all exceptions of which he might avail himself; but material omissions he cannot waive, for in such case there is no foundation on which the court can render judgment. It is a rule in pleading that, where there is no averment, no proof is necessary, nor is any supposed to have been made on such point; but where there are averments or statements, however imperfect they may be after verdict, the law presumes that the necessary evidence was produced."

Among other authorities cited in support of this is that of Roper v. Clay, 18 Mo. 383, 59 Am. Dec. 314, which see.

Tested by these decisions we hold that the petition in this case does state a good cause of action and states the constitutive facts upon which plaintiff relies, and which being established, with all the inferences that may be legitimately drawn from the facts pleaded, the pleader has stated a good cause of action.

Thus it is stated that the construction company, under a contract with the defendant, was engaged in the construction of a guide pier, a part of defendant's railroad and adjoining its bridge; that in the course of construction and for the purpose of the construction of that pier, the construction company purchased of plaintiff on running account certain material of the value of $241.55, which it used in the construction of that pier; that under the statute plaintiff had acquired a right to a lien, enforceable against the property of defendant, for the cost of this

material; that it was about to enforce its claim against the defendant by suit when it was told by defendant that the construction company was under bond to defendant for the faithful performance of its contract for that work and for the payment of all bills for material used therein, and that the defendant company, for the purpose of paying off these bills, had reserved a percentage of the amount due the construction company for this work, this amount then being several thousand dollars and made up of reserves from monthly estimates, which amount was to be paid by the railroad company to the construction company or on its order within a certain time after the completion of the pier; that the defendant railroad company suggested to plaintiff to procure from the construction company an order covering the amount of its claim against the construction company and forward this order to the defendant who would accept it and in due time pay plaintiff the amount of plaintiff's claim out of the fund so reserved.

Here is a distinct allegation of indebtedness from the railroad company to the construction company, that it had on hand money sufficient to pay it and that if plaintiff obtained the order defendant would accept and pay it. It is further averred that acting on this promise of the defendant, plaintiff had forborne bringing suit or taking legal steps to enforce its lien and claim, and in persuance of the suggestion or recommendation of the defendant it procured the order from the construction company and forwarded it to the defendant, and that the defendant received and accepted and retained the order and notified plaintiff of its acceptance and thereupon promised to pay plaintiff the amount called for. To say nothing of any other consideration this was sufficient. The allegation that plaintiff had obtained the order as requested also sufficiently alleged a consideration. See Lawson on Contracts (2 Ed.), secs. 99, 100, pp. 117 to 119; section 110, p. 134, where many authorities are collected to support this.

In point of fact, we do not believe that this petition could have been successfully attacked even on demurrer.

It might have been subject to a motion to make more definite and certain, but it surely is good after judgment. As the case is pleaded, constitutive facts, sufficient to entitle plaintiff to recover on this account from the defendant, are averred.

We see no reason to disturb the judgment of the circuit court and that judgment is affirmed. *Allen* and *Becker, JJ.,* concur.